Thomas Malony *et al.* Administrators,

*v.*

TIMOTHY SCANLAN.

1. BEQUEST TO A CREDITOR—*rights of the creditor and of the estate.* The mere making of a bequest to a creditor of the testator, of a sum of money equal to or greater than the debt, and which might, in the particular case, be regarded as a satisfaction of the debt, would not operate to defeat an

allowance of the claim against the estate, to be paid in due course of administration with other debts in the same degree. Such a legacy must be paid, before it can be set up as a discharge of the debt.

2. When, however, a creditor, to whom his debtor has made a bequest, equal to or greater than his debt, obtains an allowance and payment of his claim, and afterwards demands his legacy from the executor, the latter may then raise the question whether it was intended as a gift, independently of the payment of the debt, or merely as a satisfaction of the debt.

3. EVIDENCE—*whether services rendered were to be paid for.* Upon the presentation of a claim against an estate, for services rendered for the decedent, in his life time, the executor contended that the relations between the claimant and the deceased, the former being a member of the family of the latter as an adopted son, were such as precluded the idea that the services were to be paid for, and it was shown the claimant lived in the family of the deceased from the time he was seven years old until the testator died, a period of five years, was clothed, sent to school and worked : *Held,* it was competent for the executor to give in evidence the will of the testator, in which there was a bequest to the claimant, as tending to show the relations of the parties to each other. The bequest being in the nature of *res gestæ*, made before any dispute arose concerning the subject matter of the suit, was not open to the exception of having been possibly made for the purpose of making evidence in the case.

APPEAL from the Circuit Court of Hancock county; the Hon. JOSEPH SIBLEY, Judge, presiding.

The opinion states the case.

Messrs. MARSH & MARSH, for the appellants.

Messrs. MANIER, PETERSON & MILLER, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a claim filed by Scanlan, the appellee, against the estate of Martin Cullener, deceased, for labor performed by the appellee upon the farm of Cullener in his lifetime. The appellee had lived in the family of Cullener from the time he was seven years old until Cullener's death, which occurred shortly before appellee became twenty-one years of age. The

court instructed the jury, if Cullener had raised appellee as a member of his family, and had treated him as such, clothing him and sending him to school as a son, and appellee had worked for him without objection, and without any agreement that he was to be paid, then he had no legal claim against the estate for the value of his services; but if he was not on the footing of an adopted son, and so regarded by Cullener, he would be entitled to compensation for his services during the five years previous to Cullener's death. The jury found for the plaintiff.

No objection is made by counsel to the instructions of the court, but it is insisted there was error in excluding from the jury a nuncupative will made by Cullener and duly probated, in which he had bequeathed to appellee the sum of one thousand dollars. It is insisted this evidence was admissible on two grounds : first, because, admitting there was a debt, this sum was left for its payment and satisfaction, and not as a gift independently of the debt; and secondly, because the will tended to show what was the position of appellee in the family of Cullener, which was the main question in the case.

In regard to the first ground, it is sufficient to say that, although a bequest of a sum of money, equal to or greater than a debt due from the testator to the legatee, has been sometimes regarded as a satisfaction of the debt, there are very numerous exceptions to this rule, and even if applicable here, the legacy must be paid before it can be set up as a discharge of a debt. If Cullener died indebted to appellee, the latter has obviously the right to have his debt allowed against the estate, to be paid in due course of administration with other debts in the same degree. This right can not be defeated by a legacy which has not been and never may be paid. When, however, the debt, if it exists, has been allowed and paid, and the appellee demands from the executors his legacy, they can then raise the question whether it was intended by the testator as a gift, independently of payment of the debt, or merely as a satisfaction of such debt.

On the other ground, however, we are of opinion the will was admissible in evidence. The question for the jury to decide, as stated in the instructions asked on both sides, was, substantially, whether or not appellee had been received by Cullener into his family as an adopted son, and in all respects treated as such, without expectation on either side that wages would be paid for the work done. To solve this question it was necessary to inquire how Cullener treated appellee in regard to work, clothing, schooling, and it was proper to prove any other matter which would serve to show the true relations of the parties, and how they were regarded by themselves. Evidence of this character was given at length, and the declarations of Cullener, made at various times, in regard to appellee, were proven. This being the nature of the inquiry, it was the right of the defendants to show what disposition Cullener made of his property in reference to appellee. This evidence might not have changed the finding of the jury, but it certainly was admissible as shedding more or less light upon the actual relations of the parties. This is not giving in evidence the mere declarations of one of the parties in his own favor. The will was an act, amounting to the disposition of property in favor of the appellee, in this case of the nature of *res gestæ*, and performed before any dispute arose concerning the subject matter of this suit, therefore not open to the exception of having been possibly performed for the purpose of making evidence in this case. For the error in excluding this evidence the judgment must be reversed and the cause remanded.

*Judgment reversed.*